**UNITED STATES of America ex rel. Carl M. ROBINSON, Petitioner-Appellant,**

v.

**Leon J. VINCENT, Superintendent, Green Haven Correctional Facility, Respondent-Appellee.**

No. 300, Docket 74–1294.

United States Court of Appeals, Second Circuit.

Argued Dec. 5, 1974.

Decided Dec. 6, 1974.

Paula Van Meter, New York City, for petitioner-appellant.

David R. Spiegel, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirschowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before KAUFMAN, Chief Judge, and ANDERSON and OAKES, Circuit Judges.

PER CURIAM:

Robinson's case is no stranger to us, this being the second time he has sought to reverse the denial of his application for a writ of habeas corpus. On his first appeal, we found that the petitioner was denied his right to counsel at the police station showup, see United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Accordingly, we reversed the district court with instructions to determine whether there was clear and convincing evidence of an independent source for the in-court identification. United States ex rel. Robinson v. Zelker, 468 F.2d 159, 163 (2d Cir. 1972), cert. denied, 411 U.S. 939, 93 S.Ct. 1892, 36 L.Ed.2d 401 (1973). Following an evidentiary hearing, the district judge found that there was clear and convinc-

ing evidence of such a source. We believe Judge Cooper applied the appropriate *Wade* standard in weighing the evidence, *see* United States ex rel. Robinson v. Vincent, 371 F.Supp. 409, 415, 418, 423 (S.D.N.Y.1974), and we are of the view that his factual findings were not clearly erroneous. The alleged prejudicial errors committed by the state trial judge, the District Attorney, and petitioner's counsel during the state trial were not raised below, and therefore cannot be considered on appeal. United States ex rel. Springle v. Follette, 435 F.2d 1380, 1384 (2d Cir. 1970), cert. denied, 401 U.S. 980, 91 S.Ct. 1214, 28 L.Ed.2d 331 (1971). Accordingly, we affirm.